UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MEDICINE SHOPPE INTERNATIONAL, INC.,)
)
       Petitioner,            )
)
vs.                        )   Case No. 4:12CV159HEA
)
PRESCRIPTION SHOPPES, LLC, et al.,   )
)
       Respondents.        )
)

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Respondents' Motion to Dismiss Amended Petition or Compel Arbitration, [Doc. No. 18]. Petitioner opposes the motion, and the matter is fully briefed. For the reasons set forth below, the Motion is granted.

Respondents initially move to dismiss the Amended Petition pursuant to Rule12(b)(1) for lack of subject matter jurisdiction, arguing that the issues raised in Petitioners' Amended Petition relate not to arbitrability of the issues in dispute, but rather, are procedural in nature and therefore are for the arbitrator to decide.

According to the Amended Petition, Respondents are parties to separate arbitration agreements, but have filed a "putative collective arbitration demand." [1]

---

    [1] According to the Amended Petition, in December 2011 and January 2012, various franchisees of the Medicine Shoppe franchise system commenced the following actions: (1) two putative collective arbitrations before JAMS; (2) one putative collective arbitration before United States Arbitration & Mediation Midwest, Inc.; (3) one putative collective arbitration before the American Arbitration Association; (4) one individual arbitration before the American Arbitration Association; and (5) two collective actions in the Eastern District of Missouri. Several

The Amended Petition seeks to have this arbitration demand action stayed in order

that Petitioner may proceed with individual arbitration proceedings pursuant to 9

U.S.C. § 4.

Respondents rely on the absence of the Court's jurisdiction over the

Amended Petition for dismissal.  Respondents contend that, because the issue of

whether the disputes should be arbitrated together, rather than individually, as

asserted by Petitioner, is a question of procedure, the arbitrator, not the Court, must

make that determination.

Clearly, the question of whether the parties' disputes are arbitrable is not in

dispute.  Petitioner takes the position that the arbitrations must be performed on an

individual basis.  Respondents have joined together to arbitrate under the franchise

agreements together and have filed a single arbitration demand for several separate

franchisees.  Thus, arbitrability, which is indisputably a question for the Court, is

not at issue.

> [A] gateway dispute about whether the parties are bound by a
> given arbitration clause raises a "question of arbitrability" for a court
> to decide. See [*First Options of Chicago, Inc. v. Kaplan*, 514 U.S.
> 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)] at 943-946, 115 S.Ct.
> 1920 (holding that a court should decide whether the arbitration
> contract bound parties who did not sign the agreement); *John Wiley &
> Sons, Inc. v. Livingston,* 376 U.S. 543, 546-547, 84 S.Ct. 909, 11
> L.Ed.2d 898 (1964) (holding that a court should decide whether an
> arbitration agreement survived a corporate merger and bound the

---

franchisees of the Medicap franchise system, filed a collective action in the Southern District of
Iowa. The amended petition relates to one of the four putative collective arbitrations.

resulting corporation). Similarly, a disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy is for the court. See, *e.g., AT & T Technologies, supra,* at 651-652, 106 S.Ct. 1415 (holding that a court should decide whether a labor-management layoff controversy falls within the arbitration clause of a collective-bargaining agreement); *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 241-243, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962) (holding that a court should decide whether a clause providing for arbitration of various "grievances" covers claims for damages for breach of a no-strike agreement).

At the same time the Court has found the phrase "question of arbitrability" *not* applicable in other kinds of general circumstance where parties would likely expect that an arbitrator would decide the gateway matter.  Thus " 'procedural' questions which grow out of the dispute and bear on its final disposition" are presumptively *not* for the judge, but for an arbitrator, to decide.  *John Wiley, supra,* at 557, 84 S.Ct. 909 (holding that an arbitrator should decide whether the first two steps of a grievance procedure were completed, where these steps are prerequisites to arbitration).  So, too, the presumption is that the arbitrator should decide "allegation[s] of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital, supra,* at 24-25, 103 S.Ct. 927.  Indeed, the Revised Uniform Arbitration Act of 2000 (RUAA), seeking to "incorporate the holdings of the vast majority of state courts and the law that has developed under the [Federal Arbitration Act]," states that an "arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled." RUAA § 6(c), and comment 2, 7 U.L.A. 12-13 (Supp.2002). And the comments add that "in the absence of an agreement to the contrary, issues of substantive arbitrability ... are for a court to decide and issues of procedural arbitrability, *i.e.,* whether prerequisites such as *time limits,* notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." *Id.,* § 6, comment 2, 7 U.L.A., at 13 (emphasis added).

*Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (U.S.,2002).

The manner in which the arbitrations should be conducted is undeniably an issue of procedure.  It goes not to the merits of the disputes to be arbitrated.

Indeed, not a single substantive finding can be made through joining like disputes together.  To the contrary, joining arbitrations is a procedural issue which encompasses factors such as, effective use of time and resources and considerations of consistency.  Thus, because the precise remedy Petitioner seeks is one of procedure, the matter is not properly before the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Respondents' Motion to Dismiss Amended Petition or Compel Arbitration, [Doc. No. 18], is granted.

**IT IS FURTHER ORDERED** that this matter is dismissed.

Dated this 10th day of April, 2012.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE