UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC., ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> PRESCRIPTION SHOPPES, LLC, et al., ) <br> ) <br> Respondents. ) <br> ) | Case No. 4:12CV159 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Respondents' Motion for Attorneys' Fees, [Doc. No. 43]. Petitioner opposes the motion, and filed a written opposition. Thereafter, Respondents filed a reply. Petitioner subsequently filed a Motion to Strike New Arguments in Respondents' Reply, or in the alternative, Motion for Leave to File a Sur-Reply, [Doc. No. 52]. Leave to file the Sur-Reply is given, and for the reasons set forth below, the Motion for Attorneys' Fees is denied.

Petitioner filed this action on January 30, 2012 seeking a stay of a pending collective arbitration proceeding and seeking this Court's determination that Respondents, parties to a collective arbitration proceeding, should be compelled to participate in individual arbitration proceedings with Petitioner.

On April 10, 2012, this Court entered its Opinion, Memorandum and Order finding that it was without jurisdiction to determine whether Respondents should be required to arbitrate their disputes with Petitioner on an individual basis. This

conclusion was based on the determination that the manner in which disputes between these parties should be arbitrated was a question of procedure, which was properly before the arbitrator. Petitioner has appealed this Court's Order. This appeal is still pending.

Respondents move for an award of attorneys' fees, to which respondents claim they are entitled under the parties' agreement to arbitrate disputes. Respondents claim they are "prevailing parties" in this action. Under the parties' franchise agreements,

> [t]he party prevailing in a judicial or arbitration proceeding or appeal thereof shall be awarded its costs and expenses including, but not limited to, reasonable accounting, paralegal, expert witness and attorneys' fees and arbitrators' fees, whether incurred prior to, in preparation for, or in contemplation of the filing of any written demand, claim, action, hearing or proceeding to enforce the obligations of this Agreement.

Respondents contend that because Petitioner failed to receive any of the specific relief it sought in this matter, they are clearly the "prevailing parties" and are therefore entitled to attorneys' fees under the franchise agreements.

Ordinarily, the phrase "prevailing party" is a legal term of art defined as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded ..., [a]lso termed *successful party.*" *Buckhannon Bd. and Care Home. Inc. v. West Virginia Department of Health* 532 U.S. 598 (2001), *citing* Black's Law Dictionary. Thus, "a 'prevailing party' is one who has been awarded some relief by the court." *Id.*

In *Sole v. Wyner,* 551 U.S. 74 (2007), the plaintiffs obtained a preliminary injunction that permitted them to put on a demonstration at a state beach in violation of state rules. Subsequently, the plaintiffs lost their challenge to the state rules on the merits. Nevertheless, they sought attorneys' fees for their success in obtaining the preliminary injunction. The Supreme Court rejected that claim, noting that the touchstone of the prevailing party inquiry is the material alteration of the legal relationship of the parties. 551 U.S. at 82. The Supreme Court found that the plaintiff was "not a prevailing party ... for her initial victory was ephemeral." *Id.* at 86.

*Sole* is instructive. In *Sole*, the preliminary injunction allowed the plaintiffs to put on their demonstration. That relief was clearly as great, if not greater, than the relief obtained by the defendants in this suit. Consequently, the defendants have no greater claim to attorneys' fees than did the plaintiffs in *Sole v. Wyner. See Pitchford v. Oakwood Mobile Homes, Inc.,* 212 F.Supp.2d 613, 618 (W.D. Va. 2002).

The Court is of the opinion that Respondents are not "prevailing parties" as that term is ordinarily used. This conclusion is supported, moreover, by two district court cases. In *Gossett v. Porsche,* 2006 WL 3007384 at *2 (D.S.C., 2006), the court denied attorney's fees to a party that had successfully compelled arbitration because the order to arbitrate was not on the merits and did not render

the litigant a "prevailing party." Similarly, in *Pitchford v. Oakwood Mobile, Homes, Inc., supra,* the court explained that procedural victories, such as successfully defeating a motion to compel arbitration, does not make a litigant a prevailing party.

The parties have apprised the Court that the arbitrator has determined there should be individual arbitrations, rather than combined arbitrations. Accordingly, Respondents cannot be said to be victors entitled to attorneys' fees as prevailing parties under the commonly understood meaning of the term. See also, *Frazier v. Johnson,* 2009 WL 331372, 2-3 (M.D. Fla. 2009).

Accordingly,

**IT IS HEREBY ORDERED** that Respondents' Motion for Attorneys' Fees, [Doc. No. 43], is denied.

Dated this 20th day of June, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE